UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IOANNI KONSTANTINOU | ) | |
| c/o Plaintiff's Counsel | ) | |
| David B. Malik | ) | CASE NO.: |
| 8437 Mayfield Road, Suite #101 | ) | |
| Chesterland, Ohio 44026 | ) | |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| CHRIS FREEMAN, Superintendent of | ) | **COMPLAINT AND JURY DEMAND** |
| Facility, | ) | **REQUESTED** |
| c/o CUYAHOGA HILLS JUVENILE | ) | |
| CORRECTIONAL FACILITY | ) | |
| 4321 Green Road | ) | |
| Highland Hills, OH 44128 | ) | |
| | ) | |
| ANDREW SAMIJLENKO | ) | |
| LEONOR RIVERA | ) | |
| CEASAR VANDERPOOL | ) | |
| c/o CUYAHOGA HILLS JUVENILE | ) | |
| CORRECTIONAL FACILITY | ) | |
| 4321 Green Road | ) | |
| Highland Hills, OH 44128 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE JUVENILE OFFENDER #1 | ) | |
| (A Juvenile housed in the Cuyahoga Hills | ) | |
| Juvenile Correctional Facility on May 4, | ) | |
| 2014 whose name and personal address are | ) | |
| unknown) | ) | |
| c/o CUYAHOGA HILLS JUVENILE | ) | |
| CORRECTIONAL FACILITY | ) | |
| 4321 Green Road | ) | |
| Highland Hills, OH 44128 | ) | |
| | ) | |
| | ) | |

## I. PRELIMINARY STATEMENT

1

1. This Complaint challenges and alleges acts that constitute the failure of various Cuyahoga Hills Juvenile Correctional Facility ("CHJCF") staff to protect Ioanni Konstantinou from violations of his inherent constitutional rights.  In October 2013, Ioanni entered the CHJCF. A couple months into his stay at CHJCF, Ioanni started complaining to CHJCF staff of harassment from other juveniles housed within CHJCF. Initially, other juveniles at CHJCF had taken his personal belongings without his permission. After this initial incident, the personal verbal and physical harassment, threats, assaults, and batteries happened regularly within the facility and its culture. Iaonni's harassment and abuse though known to CHJCF staff, was never stopped by CHJCF staff. Then on May 4, 2014, Ioanni was physically assaulted by John Doe Juvenile Offender #1. Ioanni suffered a fractured nose and permanent psychological damage as a result of this attack. Officials and staff, despite knowledge of a institutional culture of physical and verbal harassment, assaults and threats within CHJCF, failed to protect Ioanni from such attacks despite a duty to prevent such misconduct.  Ioanni Konstantinou seeks compensation for the injuries he suffered as a result of the constitutionally impermissible abuse he endured while at CHJCF. Plaintiff prays that his suit will protect other Juveniles at CHJCF from similar attacks, intimidation, and threats, which constitute a historical problem and negative culture within CHJCF.

## II. JURISDICTION

2. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367. Venue is proper in this division.

## III. PARTIES

3. Plaintiff Ioanni Konstantinou is a resident of Cuyahoga County and was in the CHJCF during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio.

4. Defendant Chris Freeman is the Superintendent of the Facility, CHJCF.  As Superintendent, Defendant Freeman is responsible for the care and custody of juveniles confined in CHJCF; for establishing, administering, and enforcing policies and procedure for CHJCF; and other duties related to the operation of CHJCF. He is a person for purposes of Section 1983 and he is sued in his individual capacity.

5. Defendant Andrew Samijlenko was at all times relevant employed at the CHJCF as a Youth Specialist. He is a person for purposes of Section 1983 and he is sued in his individual capacity.

6. Defendant Leonor Rivera was at all times relevant employed at the CHJCF as a Youth Specialist. She is a person for purposes of Section 1983 and she is sued in his individual and capacity.

7. Defendant Ceasar Vanderpool was at all times relevant employed at the CHJCF as an Operations Manager. He is a person for purposes of Section 1983 and he is sued in his individual capacity.

8. John Doe Juvenile Offender #1 was at all times relevant a juvenile housed in the CHJCF. He is a person for purposes of Section 1983 and he is sued in his individual capacity.  His name and personal address are unknown and presently undiscoverable.

### IV. FACTS

#### A.  Ioanni Konstantinou is Assaulted and Suffers Permanent Injuries

3

9. Ioanni arrived at the CHJCF in October 2013.

10. On December 22, 2013, Ioanni complained to staff at CHJCF that other juveniles had taken his belongings. He was visibly upset and crying. He became so frustrated that he punched the wall and bruised his fists.

11. On January 18, 2014, Ioanni was referred for a psychiatric exam because he complained of difficulty sleeping.

12. On February 4, 2014, Ioanni complained of bumps in his ears.

13. On February 9, 2014, Ioanni was attacked and punched in the chest by a Juvenile.

14. On March 3, 2014, Ioanni complained that his nose hurt and asked to see a nurse immediately.

15. On March 8, 2014, Ioanni complained of stomach and chest pain. His chest was swollen. Nothing had been done in the previous incidents so Ioanni denied being hit by other juveniles.

16. Ioanni was prescribed Tylenol, but no other action was taken on his behalf to protect him.

17. Two days later, on March 10, 2014, Ioanni was still experiencing chest pain.

18. On March 24, 2014, Ioanni completed yet another injury form and complained that other youths had punched him and poured urine in his ear. Nothing was done.

19. On May 4, 2014, Ioanni walked out of the shower and John Doe Juvenile Offender #1 approached him in a violent and aggressive manner in plain sight of CHJCF staff.

20. John Doe Juvenile Offender #1 threatened Ioanni that if he (John Doe Offender #1) was not allowed to use the phone immediately, that he was going to beat up Ioanni. Nothing was done by the staff at CHJCF despite witnessing these threats by John Doe Juvenile Offender #1.

21. Staff denied John Doe Juvenile Offender #1 phone privileges for other reasons.  Despite staff knowing this upset the knowingly violent John Doe Juvenile Offender #1, he was allowed once again to be within close proximity of Ioanni and also allowed to confront Ioanni in a violent and aggressive manner.

22. During this second foreseeable and preventable confrontation, John Doe Juvenile Offender #1 then began repeatedly punching Ioanni in the face.

23. John Doe Juvenile Offender #1 was a dangerous youth known for committing violent acts.

24. John Doe Juvenile Offender #1was supposed to be on open door seclusion.

25. John Doe Juvenile Offender #1 was not supposed to be allowed out to shower but nevertheless was given those privileges that brought him within close proximity to Ioanni.

26. John Doe Juvenile Offender #1 was not supposed to be allowed to walk around the unit but was allowed to do so in close proximity to Ioanni.

27. Despite CHJCF staff knowing all of the dangerous and violent propensity and conduct of John Doe Juvenile Offender #1, he was allowed out of seclusion by staff at CHJCF to shower, and then was allowed by staff at CHJCF to walk around the unit. When interviewed, John Does Juvenile Offender #1 said he "was walking around the unit and staff did not say anything to him."

28. Despite CHJCF staff knowing all of the above, John Doe Juvenile Offender #1 was allowed to confront Ioanni not once, but twice while CHJCF staff watched.

29. Only after CHJCF staff witnessed John Doe Juvenile Offender #1 hit Ioanni a couple of times, did any of them step in to prevent harm to Ioanni.

30. As a result of CHJCF staff allowing John Doe Juvenile Offender #1 out of seclusion to shower and walk around the unit, Ioanni was brutally attacked by John Doe Juvenile Offender #1 and suffered permanent injuries.

31. Ioanni suffered inter alia, laceration over his left eye and experienced extreme pain in his nose.

32. Ioanni was evaluated at the clinic and sent to South Pointe Hospital Emergency.

33. The laceration over Ioanni's eye was glued at South Pointe and he was diagnosed as having a fractured nose.

**B. Knowledge of Defendants and Culpable Conduct**

34. Defendants are legally responsible, in whole or in part, for the day to day operation of CHJCF and for the protection, health, and safety of the youth confined and in custody at CHJCF.

35. Defendants are responsible for the administration of juvenile justice within the CHJCF.

36. Defendants have a duty to operate CHJCF in a manner consistent with state and federal law such that its management and operation does not infringe upon state and federal law and protections applicable to individuals confined to and in custody of CHJCF.

37. Each of the Defendants had actual or constructive knowledge or should have had such knowledge of the conditions, policies and practices which led to the injuries of the Plaintiff.

**VI. FIRST CAUSE OF ACTION – 42 U.S.C. §1983**

38. Defendants have, under color of state law, deprived Ioanni Konstantinou of rights, privileges and immunities secured by the United States Constitution, including but not limited to the Eighth and Fourteenth Amendments and the right to be free from cruel and

unusual punishment as well as the right to be protected from serious physical and emotional harm while in the custody and control of CHJCF and its staff.

39. Defendants Freeman, Samijlenko, Rivera, and Vanderpool knew John Doe Juvenile Offender #1 was an extremely violent juvenile offender subject to certain restrictions and conditions and was to have been segregated from the general juvenile population and confined within his cell at the time the attack occurred.

**40.** Defendants Freeman, Samijlenko, Rivera, and Vanderpool were objectively and subjectively aware that John Doe Juvenile Offender #1 posed a serious risk to the health and safety of Ioanni and other juveniles in CHJCF.

**41.** Defendants Freeman, Samijlenko, Rivera, and Vanderpool exhibited deliberate indifference to the protection of Ioanni from a known and serious risk of harm to Ioanni's health and safety.

42. As a direct and proximate result of Defendants' conduct Ioanni suffered permanent injuries including but not limited to a broken nose and severe emotional distress.

<u>**VII. SECOND CAUSE OF ACTION – NEGLIGENCE-WILLFUL,WANTON,RECKLESS, DELIBERATELY INDIFFERENT CONDUCT**</u>

43. Defendants owed Ioanni not only constitutionally mandated duties, they owed him a duty of due care to protect him from harm caused by other individuals in custody.

44. Defendants breached that duty.

45. Defendants acted in a negligent, reckless, intentional, deliberately indifferent, willful and wanton manner and breached their duty to protect Ioanni Konstatinou while he was confined in CHJCF, proximately causing injury to Ioanni, in violation of Ohio law.

46. As a direct and proximate result of the breach Ioanni suffered permanent injury including but not limited to a broken nose and severe emotional distress.

## VIII. THIRD CAUSE OF ACTION – ASSAULT AND BATTERY

47. John Doe Juvenile Offender #1, while a juvenile confined in CHJCF with Ioanni Konstaniou, assaulted and battered Ioanni without his consent. This assault and battery was intentionally applied, maliciously applied, and this Juvenile did threaten to apply unlawful and unnecessary force to Ioanni.

48. This assault and battery proximately caused Ioanni's permanent injuries including but not limited to a broken nose and severe emotional distress.

## IX. FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The misconduct alleged herein against Defendant John Doe Juvenile Offender #1, demonstrates an outrageous indifference and abuse of power and authority.

50. This misconduct was done with intent or knowledge that there was a high probability that such conduct would lead to the infliction of severe emotional distress and was done with reckless disregard of that probability.

51. Defendant John Doe Juvenile Offender #1's acts were so extreme and outrageous as to go beyond all possible bounds of decency and were utterly intolerable in a civilized community, especially in light of the fact Ioanni was within the exclusive custody and control of CHJCF and its staff.

52. Defendant's acts were a proximate cause of Ioanni's injuries, which resulted in him suffering distress that no reasonable person could be expected to endure.

53. All of this misconduct described was done willfully, wantonly, recklessly and or maliciously

54. As a proximate result of Defendant's misconduct, Ioanni suffered severe a broken nose emotional distress, duress, and mental anguish. Some of his injuries are permanent.

## X. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A.  Award Plaintiff compensatory damages in an amount to be shown at trial;

B.  Award Plaintiff punitive damages in an amount to be shown at trial;

C.  Award Plaintiff reasonable attorney's fees, costs, and disbursements under 42 U.S.C. §1988;

D.  Pre- and post-judgment interest;

E.  Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ Sara Gedeon
David B. Malik (0023763)
Lead Counsel for the Plaintiff
Sara Gedeon (0085759)
8437 Mayfield Road, Suite #101
Chesterland, Ohio 44026
440-729-8260
440-490-1177
Dbm50@sbcglobal.net
sgedeon1021@gmail.com


/s/ Steven L. August
Steven L. August (0059886)
3201 Enterprise Parkway, Suite 130
Beachwood, OH  44122
(216) 360-9919
(216) 360-7450 Fax
jo@steveaugustlaw.com