UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|  |  |  |
|---|---|---|
| IOANNI KONSTANTINOU, | : | |
| | : | |
| | : | CASE NO. 1:15-CV-00861 |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 10] |
| CHRIS FREEMAN, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Ohio Department of Youth Services ("ODYS"), a non-party to the current litigation, seeks to quash a subpoena filed by Plaintiff Ioanni Konstantinou.[1] Plaintiff's subpoena seeks the address of juvenile defendant V.B., who was housed at an ODYS facility, for the purpose of perfecting service against V.B. ODYS claims that disclosing this information to Plaintiff would create an impermissible risk to V.B.'s safety.

For the following reasons, the Court **ORDERS** ODYS to ensure perfection of service on V.B. Alternatively, the Court **DENIES** the motion to quash and **ORDERS** that ODYS produce V.B.'s address as a sealed and confidential disclosure available to Plaintiff's counsel only.

### I. Background

Plaintiff brings § 1983 and tort claims against several employees of the Cuyahoga Hills Juvenile Correctional Facility ("CHJCF") and against V.B., who was housed at CHJCF at the same

---

[1] Doc. 10.

Case No. 1:15-CV-00861
Gwin, J.

time as Plaintiff Konstantinou.[2] Plaintiff essentially claims that the staff members are liable to Plaintiff for allowing V.B. to beat Plaintiff up, and that V.B. is liable for beating Plaintiff up while at CHJCF. Plaintiff successfully served the complaint on the CHJCF staff, but has been unable to serve V.B. because Plaintiff does not know V.B.'s address. Plaintiff field this subpoena, seeking V.B.'s address from ODYS so that Plaintiff can perfect service on V.B.

## II. Legal Standards

Parties may obtain discovery regarding any matter, not privileged, that is relevant to any claim or defense involved in the pending action.[3] This includes the use of subpoenas under Rule 45.[4] However, a court must quash a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to undue burden.[5]

"The movant bears the burden of establishing that the issued subpoena[] violate[s] Rule 45 of the Federal Rules of Civil Procedure."[6] "In evaluating a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case.'"[7]

"The party issuing the subpoena must take reasonable steps to avoid imposing an undue

---

[2] Doc. 1.
[3] Fed. R. Civ. P. 26(b)(1).
[4] Fed. R. Civ. P. 45.
[5] Fed. R. Civ. P. 45(d)(3)(A).
[6] *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).
[7] *Id.* (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)).

Case No. 1:15-CV-00861
Gwin, J.

burden on a person subject to the subpoena . . . ."[8/] "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing."[9/]

### III. Analysis

ODYS argues that the Court should quash Plaintiff's motion because forcing ODYS to reveal V.B.'s address would expose V.B. to an unnecessary risk of harm or retaliation by Plaintiff.[10/] However, ODYS acknowledges that Plaintiff seeks the information for the purposes of perfecting service on V.B. The Court finds that Plaintiff seeks this information for good cause.

ODYS also points out that V.B.'s address need not be given directly to Plaintiff. Rather, ODYS can give the necessary information to Plaintiff's attorney, who can then proceed with service. This is an appropriate alternate means to obtain this information.

There is a more efficient solution, however. If ODYS knows V.B.'s address, then ODYS can ensure that V.B. is served with the complaint and summons without divulging V.B.'s address to anybody. This solution protects the privacy interests of V.B. while ensuring that Plaintiff is able to perfect service on V.B., the purpose of the subpoena.

If ODYS is unable to ensure that V.B. is served, then ODYS must disclose V.B.'s address to Plaintiff's attorney. Plaintiff's attorney may not disclose the address to Plaintiff or to any other third party unless they are associated with Plaintiff's legal representation.

---

[8/] *Griffiths v. Ohio Farmers Ins. Co.*, 2010 WL 2730657, at *1 (N.D. Ohio July 2, 2010).
[9/] *Davis*, 2008 WL 440458, at *3 (internal quotation marks and citations omitted).
[10/] Doc. 10 at 2–3.

Case No. 1:15-CV-00861
Gwin, J.

### IV. Conclusion

For the foregoing reasons, the Court **ORDERS** ODYS to ensure perfection of service on V.B. Alternatively, the Court **DENIES** the motion to quash and **ORDERS** that ODYS produce V.B.'s address as a sealed and confidential disclosure available to Plaintiff's counsel only.

IT IS SO ORDERED.


Dated: October 18, 2015                    s/        *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE